UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave         **COMPLAINT**
Trust Fund,
                                    Plaintiffs,              Civil No. 19-cv-1169

                  -against-

WITTMANN PLUMBING ASSOCIATES, INC., and
JOHN DOE CORPORATIONS 1 THROUGH 10, and other
JOHN DOE ENTITIES 1 THROUGH 10, all whose true
names are unknown, constituting members of a controlled
group of corporations or business entities or trades or
businesses under common control with WITTMANN
PLUMBING ASSOCIATES, INC.,

                                    Defendant.
---------------------------------------------------------------------------x

Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett (collectively "Trustees") as trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively "Funds"), for their Complaint against Wittmann Plumbing Associates, Inc., and John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10, all whose true names are unknown, constituting members of a controlled group of corporations or business entities or trades or businesses under common control with Wittmann Plumbing Associates, Inc., allege as follows:

1. This is an action by the Plaintiffs Trustees and fiduciaries of Taft-Hartley employee benefit plans for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145 and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 to recover from Wittmann Plumbing Associates, Inc. $2,578.01 in delinquent contributions owed the Funds pursuant to collective bargaining agreements and plan documents from an employer participant of the Funds signed to a Building Material Teamsters Local 282, IBT ("Local 282") collective bargaining agreement.

2. This is also an action by the Trustees and fiduciaries of the 282 Pension Trust Fund to collect $35,171.00 withdrawal liability owed by Defendant Wittmann Plumbing Associates, Inc., and, pursuant to 26 U.S.C. §§ 414(b) and (c), John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10, all whose true names are unknown, constituting members of a controlled group of corporations or business entities or trades or businesses under common control with Wittmann Plumbing Associates, Inc., pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), which sum was determined to be due and owing as a result of the permanent cessation of Wittmann Plumbing Associates, Inc.'s obligation to contribute to the Pension Fund and cessation of operations on or about July 31, 2015.

3. The Plaintiffs also seek to collect from Wittmann Plumbing Associates, Inc., and John Doe Corporations 1 through 10, and other John Doe Entities 1 through 10, interest, liquidated damages, attorneys' fees and costs, including $430.00 in audit fees, and other amounts becoming due during the pendency of this litigation.

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145, Section § 4301(c) of ERISA (29 U.S.C. § 1451(c)), and Section 301 of the LMRA, 29 U.S.C. § 185, since Wittmann Plumbing Associates, Inc.'s actions violated the collective bargaining agreement between Wittmann Plumbing Associates, Inc. and Local 282.

5. Venue lies in this Eastern District of New York under 29 U.S.C. § 1132(e)(2). Wittmann Plumbing Associates, Inc. has its offices in the Eastern District of New York. The Funds are administered in this District.

6. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. § 1002(21) (A), as they have discretion and control over the assets and administration of the Funds.

7. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

8. The Funds are jointly administered by a Board of Trustees, comprising an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9. The Funds were established pursuant to collective bargaining agreements between Building Material Teamsters Local 282, IBT, a labor organization representing workers in an industry affecting commerce, and various employers required to contribute to the Funds (collectively "Employers") for their workers covered by the collective bargaining agreements.

10. The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), for the purposes of collecting and

receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries.  The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

11. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  The Funds are third-party beneficiaries of the collective bargaining agreements.

12. Defendant, Wittmann Plumbing Associates, Inc. is and always has been, a domestic corporation authorized to do business in the State of New York with offices for doing business located at 100 Hinsdale Street, Brooklyn, NY  11207.

13. Wittmann Plumbing Associates, Inc., upon information and belief, performs and performed trucking work in the jurisdiction of Building Material Teamsters Local 282, IBT.

14. Wittmann Plumbing Associates, Inc. is, and has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

15. Wittmann Plumbing Associates, Inc., at all relevant times, was party to, or otherwise bound to and by, a series of collective bargaining agreements with Building Material Teamsters Local 282, IBT ("Local 282") (hereinafter collectively the "CBAs").

16. John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, are commonly controlled corporations, trades or businesses of Wittmann Plumbing Associates, Inc., as those terms are defined by 26 U.S.C. §§ 414(b) and (c).

17. The CBAs establish the terms and conditions of employment for all drivers who are employed by or provide work for the Wittmann Plumbing Associates, Inc. including outside

Page 4 of 17.

truck hires and owner-drivers. The CBAs require contributions to the Funds "for each hour worked" by a driver and includes contributions "for performance of work traditionally performed by Employees covered by" the CBAs.

18. The CBAs state Wittmann Plumbing Associates, Inc. is bound to the Trust Agreement governing the Funds and incorporate the Trust Agreement by reference.

19. Specifically, Section 21(G) of the CBAs provide, in pertinent part, that the Trust Agreement is "made a part of this Agreement with the same force and effect as if fully incorporated herein, and the Employer…hereby agree(s) that upon the execution of this Agreement they shall be deemed [a party] to said Trust Agreement []."

20. The Trust Agreement (Article II, § 3) authorizes the Trustees to interpret the provisions and the terms used in the Trust Agreement and provides that any interpretation or construction adopted by the Trustees in good faith is binding upon the employers participating in the Funds.

21. The CBAs, together with the Trust Agreement and 29 U.S.C. § 1145, require employers including Wittmann Plumbing Associates, Inc. to contribute to the Funds for drivers who perform work covered by the CBAs, at specified rates for each hour of covered work, subject to certain limitations and premium payments set forth therein.

22. The CBAs and the Trust Agreement (Article IX, § 1) require Employers, including Wittmann Plumbing Associates, Inc., to submit detailed written reports ("remittance reports") and contributions to the Funds, which identify those drivers who performed work covered by the CBAs, and to state the number of hours each driver engaged in covered work. The CBAs (Section 21(F)) and Trust Agreement require participating employers such as Wittmann Plumbing Associates, Inc. to submit remittance reports and contributions to the Funds

Page 5 of 17.

no later than 45 days after the end of the month in which the work covered by the CBAs is performed.

23. The remittance reports are intended to be an employer's monthly statement and representation to the Plaintiffs of the number of hours of drivers' covered work. Employers are required to sign the remittance reports and certify that the information contained in the remittance reports are accurate. The Funds rely on the remittance reports to determine the level of benefits, if any, that are to be provided to those drivers reported by an employer. The Funds relied on the remittance reports Wittmann Plumbing Associates, Inc. submitted to the Funds. The last remittance report submitted by Wittmann Plumbing Associates, Inc. was February 28, 2017. The last Wittmann Plumbing Associates, Inc. Funds contribution was July 31, 2015.

24. The Trust Agreement (Article IX, § 3) provides if an employer fails to remit contributions by the date due, the employer is liable to the Funds for: (i) The delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment;[1] (iii) an amount equal to the greater of: (a) interest on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

25. Article IX, Section 4 of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Pension Fund under the collective bargaining agreements with Local 282, including the obligation to make withdraw liability payments to the Pension Fund.

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

26. Article XI, Section 1(a) of the Trust Agreement provides: "An Employer that withdraws form the Pension Plan after April 28, 1980, in either a complete or partial withdrawal shall owe and pay withdrawal liability to the Plan as determined under this Article and [ERISA] and the Pension Protection Act of 2006."

27. According to the Pension Fund's records, as of July 31, 2015, Wittmann Plumbing Associates, Inc. permanently ceased to have an obligation to remit contributions to the Pension Fund and ceased covered operations.

28. Pursuant to Section § 4203(a) of ERISA, 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Pension Fund and/or the cessation of covered operations constitutes a "complete withdrawal" from the Pension Fund.

29. On or about March 3, 2017, Wittmann Plumbing Associates, Inc. was deactivated from the Building Material Teamsters Local 282, IBT due to its inactivity.

30. On or about January 26, 2018, Wittmann Plumbing Associates, Inc. was sent an Initial Notice of Actual Withdrawal.

31. In accordance with Section § 4211 of ERISA, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Pension Fund calculated Wittmann Plumbing Associates, Inc.'s withdrawal liability to be $35,171.00.

32. By letter dated February 22, 2018, in accordance with Section § 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and Article XI, Section 5(c)(l) of the Trust Agreement, the 282 Pension Trust Fund sent Wittmann Plumbing Associates, Inc. a written Notice and Demand for Payment of Withdrawal Liability and informed Wittmann Plumbing Associates, Inc. that it could remit its $35,171.00 withdrawal liability in nineteen (19) consecutive monthly installments of $1,896.42 per month, beginning April 1, 2018, plus a final payment of $286.83.  The Notice and

Demand also directed Wittmann Plumbing Associates, Inc. to Section § 4219 of ERISA, 29 U.S.C. § 1399 for a description of the rights Wittmann Plumbing Associates, Inc. might have in connection with the 282 Pension Trust Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment.

33. Wittmann Plumbing Associates, Inc. failed to remit the withdrawal liability installment payment by April 1, 2018.

34. As a result, the Pension Fund, on or about April 9, 2018, sent a Notice of Default demanding cure within sixty (60) days.

35. To date, Wittmann Plumbing Associates, Inc. has failed to make any payments of the withdrawal liability demanded, which remaining due and unpaid.

36. Pursuant to Section § 4201 of ERISA, 29 U.S.C. § 1381, Wittmann Plumbing Associates, Inc. is obligated to pay withdrawal liability to the Pension Fund for its proportionate share of the Pension Fund's unfunded vested benefits.

37. Wittmann Plumbing Associates, Inc. failed to challenge the Pension Fund's assessment of withdrawal liability. Wittmann Plumbing Associates, Inc. never initiated arbitration regarding the withdrawal liability and the time to do so has expired.

38. Wittmann Plumbing Associates, Inc. failed to make the initial monthly payment of $1,896.42 due on April 1, 2018 or any other installment payment.

39. Wittmann Plumbing Associates, Inc. has failed to remit the initial monthly payment within sixty (60) days of the 282 Pension Trust Fund's April 9, 2018 Notice of Default.

40. By failing to remit its monthly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Wittmann Plumbing Associates, Inc. defaulted on its withdrawal liability obligations to the Pension Fund under the provisions of Section

§4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement. Therefore, the entire outstanding balance of Wittmann Plumbing Associates, Inc.'s withdrawal liability in the amount of $35,171.00 is due and owing pursuant to Sections §§515, 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b).

41. Pursuant to 26 U.S.C. §§ 414(b) and (c), commonly controlled corporations or trades or businesses with Wittmann Plumbing Associates, Inc. are to be treated as a single corporation or trade or business for withdrawal liability purposes.

42. In accordance with Article XI, Section 5(d)(2) of the Trust Agreement and Sections §§ 502(g)(2)(B), 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 419.32, Wittmann Plumbing Associates, Inc. is obligated to the Pension Fund for interest at the rate of 1.5% per month on the delinquent withdrawal liability payments from April 1, 2018 to the date judgment is entered.

43. In accordance with Article XI, Section 5(e) of the Trust Agreement and Sections §§ 502(g)(2)(C) and (D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and (D) and 1451(b), Wittmann Plumbing Associates, Inc. is obligated to the Pension Fund for liquidated damages equal to the greater of the amount of interest charged on the unpaid balance or liquidated damages equal to twenty percent (20%) of the unpaid amount awarded, plus the costs and attorneys' fees incurred in this action.

**Unpaid Audit**

44. The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

45. Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

> (A) Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
> (B) Payroll tax records submitted to federal and state governments including Forms 941, and W-2;
> (C) Complete business income tax returns;
> (D) Cash disbursement records;(E)   General ledgers;
> (F) Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and
> (G) Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

46. The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits and/or credits.

47. Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

48. Wittmann Plumbing Associates, Inc. also failed to remit $2,578.01 in monthly contributions to the Funds for hours worked by individuals performing covered work pursuant to the CBAs for the period May 1, 2013 through June 30, 2014 as set forth in Audit 15-0617-A1. By December 16, 2015 letter, the 282 Funds sent Audit 15-0617-A1 to Wittmann Plumbing Associates, Inc. and demanded payment. Wittmann Plumbing Associates, Inc. never paid Audit

15-0617-A1 and $2,578.01 in monthly Funds contributions, together with the $430 audit cost, is outstanding and due and owing to the Funds.

49. Pursuant to the CBAs, Trust Agreement and ERISA, Wittmann Plumbing Associates, Inc. also owes interest on the unpaid contributions, liquidated damages and attorneys' fees and costs.

**Other Amounts**

50. Additional amounts will become due and owing by Wittmann Plumbing Associates, Inc. to the Funds during this action.

### FIRST CAUSE OF ACTION

51. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

52. Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

53. Section 301(b) of the LMRA, 29 U.S.C. § 185(b), provides that "[a]ny labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents."

54. By failing to pay the withdrawal liability contributions and other amounts owing, Wittmann Plumbing Associates, Inc. and the John Doe Defendants have violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

55. By failing to timely pay the withdrawal liability contributions, including interest and liquidated damages on the late-paid contributions, Wittmann Plumbing Associates, Inc. and the John Doe Defendants violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

56. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBAs and the Trust Agreement, to the full amount of withdrawal liability owed, interest and liquidated damages on the unpaid withdrawal liability contributions, and attorney's fees and costs.

57. Wittmann Plumbing Associates, Inc. also violated Section 301(b) of the LMRA, 29 U.S.C. § 185 by failing to pay amounts due and owing on Audit 15-0617-A1 in violation the CBAs and the Trust Agreement.

58. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBAs and the Trust Agreement, to the full amount of contributions as determined to be owed by Audit 15-0617-A1, interest and liquidated damages on the unpaid contributions, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

59. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

60. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

61. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary: (A) To enjoin any act or practice which violates any provision of this title or the terms of the plan; or (B) to obtain other appropriate equitable relief; (i) to redress such violation; or (ii) to enforce any provision of this title or the terms of the plan."

62. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

   a. The unpaid contributions,
   b. interest on the unpaid contributions,
   c. an amount equal to the greater of-
      i. interest on the unpaid contributions, or
      ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
   d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
   e. such other legal or equitable relief as the court deems appropriate…."

**Unpaid Audit**

63. Wittmann Plumbing Associates, Inc. failed to remit $2,578.01 in contributions to the Funds for hours worked by individuals performing covered work pursuant to the CBAs for the period May 1, 2013 through June 30, 2014 as set forth in Audit 15-0617-A1.

64. Wittmann Plumbing Associates, Inc., by failing to pay contributions, interest, and liquidated damages, as required by the CBAs and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that Wittmann Plumbing Associates, Inc. has failed to make contributions in accordance with the terms of the plan documents of the Funds, supporting an action under 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and are subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

65.     Wittmann Plumbing Associates, Inc., by failing to pay contributions, interest and additional damages, as required by the CBAs and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that Wittmann Plumbing Associates, Inc. has failed to make contributions in accordance with the terms of the Funds plan documents and the collective bargaining agreements between Building Material Teamsters Local 282, IBT and Wittmann Plumbing Associates, Inc., supporting an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. §§1132(g) and 1145, entitling Plaintiffs to a judgment against Wittmann Plumbing Associates, Inc., for delinquencies and 29 U.S.C. § 1132 damages and damages for breach of contract in an amount to be determined after trial in no event less than Audit # 15-0617-A1(delinquencies totaling $2,578.01), plus interest, attorney's fees, audit fees of $430.00, and other damages available pursuant to contract and 29 U.S.C. Section 1132.

66.     As a result of the foregoing, Plaintiffs respectfully request judgment against Wittmann Plumbing Associates, Inc. for Audit # 15-0617-A1 delinquencies totaling $2,578.01, audit fees of $430.00, plus interest, attorney's fees, audit fees and other damages available pursuant to contract and 29 U.S.C. Section 1132 and such other relief the Court deems proper.

**Withdrawal Liability**

67.     Wittmann Plumbing Associates, Inc. ceased operations and ceased its contribution obligation to the 282 Pension Trust Fund, resulting in a complete withdrawal from the 282 Pension Fund, triggering withdrawal liability to the 282 Pension Trust Fund.

68.      Wittmann Plumbing Associates, Inc. and John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, commonly controlled corporations, trades or businesses of Wittmann Plumbing Associates, Inc., as those terms are defined by 26 U.S.C. §§

414(b) and (c), failed to timely pay installment payments on $35,171.00 withdrawal liability to the 282 Pension Trust Fund after due notice and demand for the payments and notice of default and failure to timely cure the default in making withdrawal liability installment payments.  This failure to pay constitutes a failure to make contributions in accordance with the terms of the applicable CBAs, in violation of Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and a withdrawal liability default under MPPAA, providing basis for this action, per §502(a)(3) of ERISA[29 U.S.C. §1132(a)(3)] and MPPAA for judgment accelerating the entire $35,171.00 withdrawal liability.

69. Wittmann Plumbing Associates, Inc. and John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, commonly controlled corporations, trades or businesses of Wittmann Plumbing Associates, Inc., as those terms are defined by 26 U.S.C. §§414(b) and (c), are also required to pay interest on the withdrawal liability from the date the installment payments were due to the date they are received by the 282 Pension Trust Fund, plus liquidated damages, audit costs, and attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and MPPAA.

70. As a result of the foregoing, Plaintiffs respectfully request judgment against Wittmann Plumbing Associates, Inc. and John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, commonly controlled corporations, trades or businesses of Wittmann Plumbing Associates, Inc., as those terms are defined by 26 U.S.C. §§ 414(b) and (c), jointly and severally in the amount of $35,171.00 in withdrawal liability owed to the 282 Pension Trust Fund, plus interest, attorney's fees, audit fees and other damages available pursuant to

contract, MPPAA[29 U.S.C. §§ 1381, *et seq*.] and 29 U.S.C. Section 1132, and such other relief the Court deems proper.

   71. No prior request for the instant relief has been made in this or any Court.

## PRAYER FOR RELIEF

   **WHEREFORE,** Plaintiffs' respectfully request the Court enter judgment:

   a. Declaring Wittmann Plumbing Associates, Inc., in breach of the CBAs and finding Wittmann Plumbing Associates, Inc. liable to the Plaintiffs' Funds for unpaid benefit contributions and statutory and contractual damages owed to the Plaintiffs' Funds for each hour of work performed by truck drivers covered by collective bargaining agreements between Wittmann Plumbing Associates, Inc. and Building Material Teamsters Local 282, IBT, including but not limited to contributions for drivers operating trucks to perform trucking and hauling services, on behalf of Wittmann Plumbing Associates, Inc., and including, but not limited to, Audit 15-0617-A1 delinquencies totaling $2,578.01, plus interest, liquidated damages, attorneys' fees, $430 in audit fees, costs, disbursements, and such other damages available under 29 U.S.C. Section 1132 and the Trust and collective bargaining agreements between Wittmann Plumbing Associates, Inc. and Building Material Teamsters Local 282, IBT.

   b. Declaring John Doe Corporations 1 through 10 and John Doe Business Entities 1 through 10, to be commonly controlled corporations, trades or businesses of Wittmann Plumbing Associates, Inc., as those terms are defined by 26 U.S.C. §§ 414(b) and (c), and jointly and severally liable with Wittmann Plumbing Associates, Inc. to the 282 Pension Trust Fund for $35,171.00 withdrawal liability, plus statutory and contractual interest, liquidated damages, and reasonable attorneys' fees and costs, including the costs of collecting the delinquencies, as set forth in Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the Trust Agreement and

MPPAA[29 U.S.C. §§ 1381, *et seq*.], 4219(c)(5), and 4301(b) of ERISA[29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5)], and 29 C.F.R. § 4219.32,

      c.      Injunctive relief requiring immediate payment of the delinquencies and withdrawal liability; and

      d.      such other legal or equitable relief the Court deems proper.

White Plains, New York
February 27, 2019

                      TRIVELLA & FORTE, LLP

                      _/s/ **Christopher A. Smith**_____
                      By: Christopher A. Smith, Of Counsel
                      *Attorneys for the Plaintiffs*
                      1311 Mamaroneck Avenue, Suite 170
                      White Plains, New York 10605
                      (914) 949-9075
                      Facsimile: (914) 949-4752